ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| NASER TALIGHADI ALRAWAZIQ | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | |
| CITY OF IRVING and OFFICER JAMES FAIRBAIRN | § § § § | 3 - 99CV0970 - R |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff Naser Talighadi Alrawaziq ("Alrawaziq") and files this Plaintiff's Original Complaint and complains of Defendants City of Irving and Officer James Fairbairn of the Irving Police Department and for cause of action would show this Court as follows:

### PARTIES

1. Plaintiff Alrawaziq is a resident of the State of Texas and lawfully resides in the United States, who currently is an inmate at Formby State Jail in Plainview, Hale County, Texas. At the time of the incidents plead herein, Alrawaziq lived within this district.

2. Defendant City of Irving is a municipality of the State of Texas, which runs, manages, directs, and controls the City of Irving Police Department, and which employed the individual defendant, Police Officer James Fairbairn, at all times pertinent hereto. Defendant City of Irving can be served by and through its City Secretary, Janice Carroll, at 825 W. Irving Blvd., Irving, Dallas County, Texas 75060.

3. Defendant James Fairbairn ("Officer Fairbairn"), is a citizen of the United States domiciled in the State of Texas, employed at all relevant times hereto as an officer of the Irving Police Department. Officer Fairbairn may be served at his place of employment at the Irving Police Department at 305 N. O'Connor Blvd., Irving, Dallas County, Texas 75061. Officer Fairbairn is being sued in both his official and individual capacities.

4. The City of Irving and Officer Fairbairn may be collectively referred to hereinafter as the "Municipal Defendants."

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343(1), (3), and (4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983.

6. Plaintiff Alrawaziq further invokes this Court's pendent jurisdiction to hear and decide claims arising under state law.

7. Venue is proper in the Northern District of Texas, Dallas Division, in accordance with 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district, and the Defendants are located in this judicial district.

## COMPLIANCE WITH TEX. CIV. PRAC. & REM. CODE § 101.101

8. Defendant City of Irving is a governmental unit within the meaning of TEX. CIV. PRAC. & REM. CODE § 100.001(2).

9. Plaintiff claims relief in his individual capacity for the wrongful use of excessive force against him by being shot many times at very close range, unarmed, and within the confines of an automobile where he could not escape or defend himself. Such has caused Alrawaziq personal injury by way of physical disfigurement, physical and mental pain and anguish, economic loss, and

extreme embarrassment, humiliation. Alrawaziq further sues for the wrongful use of a firearm, tangible personal property, which caused harm as described in further detail below.

10. Defendant City of Irving has actual notice of the facts giving rise to the basis of his suit, TCPRC § 101.101(c), by way of its city attorneys office, and officials within the police department who frivolously investigated the conduct of Officer Fairbairn. The City of Irving acknowledged by writing their awareness of possible litigation by their refusal to honor an open records requests subject to an on-going investigation. Notice occurred within six (6) months after the date of the incident. TCPRC § 101.101(a).

## PRELIMINARY STATEMENT

11. This action is brought by Naser Alrawaziq against the above-named defendants for the wrongful exercise of excessive force, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1983; and as protected by the United States Constitution. The defendants acted intentionally and/or with deliberate, conscious, and reckless disregard of the Constitutional rights of Alrawaziq in causing to occur a shooting by Officer Fairbairn when his own life and safety and the lives and safety of others were not in jeopardy. Alrawaziq was unarmed at the time of the shooting, and was not acting to threaten any person or cause any person apprehension of serious bodily injury.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as though fully set forth.

13. The incident at issue occurred on or about April 29, 1997, during afternoon rush-hour traffic. Westbound highway 183 in Irving, Texas, was almost completely closed due to a multiple vehicle and injury accident, occurring between Belt Line and Esters. Emergency personnel and vehicles blocked almost the entirety of the throughway, and traffic was backed up

for miles eastward. Only one lane of traffic was being guided through by Officer Fairbairn, at the junction of the Belt Line to Westbound Hwy. 183 on-ramp. The three primary lanes of traffic having been sealed off.

14. Alrawaziq was traveling on the aforementioned on-ramp entering Westbound 183 near where the accident causing the traffic occurred. While a few hundred yards back, Alrawaziq allegedly inadvertently tapped the rear of another vehicle, causing no injury to any occupant or property. However, Alrawaziq could not pull his car over because he was about to run out of gasoline in the middle of the only moving westbound artery. He signaled the driver of the other automobile to follow him past the point of the highway accident.

15. Rather than comply, the overzealous and irate driver, along with a witness, raced down the on-ramp's shoulder to Officer James Fairbairn, getting ahead of Alrawaziq, who stayed in the traffic jam. The witness reported to Officer Fairbairn that Alrawaziq had hit a vehicle and failed to stop. Officer Fairbairn asked that Alrawaziq's vehicle be identified in the single-file line of traffic. Upon identifying Alrawaziq's vehicle, Officer Fairbairn stepped to the front of it, slowly walking backwards with the witness, while Alrawaziq's car inched forward at the rate of about one foot per second. Alrawaziq had no place to pull over or to stop his car because a fire truck was to his left (facing Westbound), and the witness' flat-bed tow truck was to Alrawaziq's right. Furthermore, Alrawaziq was blocking the only lane of traffic on Westbound Hwy. 183.

16. Officer Fairbairn allegedly signaled Alrawaziq's vehicle to stop; however, he never went to the driver's window, or otherwise instructed Alrawaziq on where to place his vehicle, the shoulder being occupied by the flat-bed tow truck. Officer Fairbairn and the witness continued to walk in front of Alrawaziq's vehicle until the front of Alrawaziq's vehicle had met with the front of the tow truck. Officer Fairbairn removed the witness to the shoulder in front of his tow truck,

returning singly to the front of Alrawaziq's vehicle, the first opportunity to pull over just presenting itself. However, before Alrawaziq had any opportunity to reasonably react, Officer Fairbairn drew his weapon, and began firing as many as thirteen (13) times through the windshield. Alrawaziq was struck in the hand, arms, and vital organs of the chest with as many as eight (8) bullets.

17. During the rapid-fire rain of bullets from Officer Fairbairn's semi-automatic handgun, Alrawaziq sought to shield himself by placing his forearms out in front of his face and chest. Alrawaziq suffered many disabling and painful defensive wounds as a result. Alrawaziq, suffering such sever and immediate trauma after the first few bullets, was thence unable to stop his vehicle due to massive disorientation. The car continued inching forward as it had for the last several hundred yards in traffic. Officer Fairbairn continued shooting.

18. Ultimately, a police officer, probably Officer Fairbairn, opened the driver's side door, reached in the vehicle, and himself stopped the car. Alrawaziq got out of the vehicle to slump limply in the middle of the highway bleeding profusely.

19. In addition to and without waiving any allegation above, the Defendants are particularly liable to Alrawaziq by and through their own actions and those actions of their servants and employees who at all times were acting within the scope of their agency with Defendants, for their intentional actions, actions taken in conscious indifference to the rights of Alrawaziq, gross negligence, and/or negligence by, *inter alia*:

    20. Failing to investigate whether or not Alrawaziq posed an extreme danger to others as a result of the rear-end contact prior to the shooting;

    21. Failing to investigate whether or not Alrawaziq was even required to stop as there was no personal injury or property damage;

22. Failing to consider Alrawaziq's position as the lead car in a single-file line of traffic that stretched for miles, with no place to pull over;

23. Failing to consider that Alrawaziq had at least two means of escape from the traffic were he truly intending to flea the scene of an accident;

24. Failing to consider that Alrawaziq could not pull over at the scene of the "bump" because of the circumstances of traffic, and because he was almost out of gas;

25. Failing to take reasonable action by attempting to clearly and verbally communicate with Alrawaziq prior to the shooting;

26. Failing to retreat from the front of the vehicle, when given a clear opportunity to do so, to clearly evaluate the circumstances without the self-imposed and unjustified perception of danger, or with unjustified anger;

27. Failing to use a lesser degree of non-deadly force, if any force was indeed necessary, to effect the ends to which Officer Fairbairn desired;

28. Using excessive force by attempting to stop a vehicle traveling at less than walking speed, by attempting to slaughter its driver;

29. Failing to consider that because of the highway blockage, there were very few vehicles ahead on Westbound Hwy. 183, such that even if Alrawaziq was to flee, the likelihood of danger would be greatly diminished;

30. Failing to consider that Alrawaziq was about to pull over, but that he just hadn't the opportunity to do so before suffering multiple gunshot wounds;

31. Failing to investigate or consider whether or not Alrawaziq was likely a danger to the safety of any person;

32. Failing to consider the constitutional and personal deprivations that Alrawaziq would suffer when clearly known to a reasonable person in Officer Fairbairn's position;

33. Intentionally, negligently, or with conscious indifference or reckless disregard to the rights of Alrawaziq, depriving him of his Constitutionally protected right from bodily intrusion by the use of excessive force;

34. Failing to properly assess probable cause;

35. Failing to properly assess reasonable suspicion;

36. Failing to properly use tangible personal property;

37. Failing to investigate or consider whether or not Alrawaziq intended any harm or threat to any person;

38. Failing to adequately investigate, test, train, and screen the Municipal Defendants' candidates for employment, including Officer Fairbairn, prior to offering them a job with the Irving Police Department, and the City of Irving;

39. Failing to implement or enforce policies and procedures to ensure that its candidates for employment were adequately investigated, trained, tested, and screened, prior to offering them a job with the Irving Police Department and the City of Irving;

40. In encouraging or acquiescing in customs which did not ensure that its candidates for employment were adequately investigated, trained, tested, and screened, prior to offering them a job with the Irving Police Department and the City of Irving;

41. Hiring officers that the Municipal Defendants knew or should have known might be a danger to persons such as Alrawaziq;

42. Failing to implement or enforce policies and procedures which would ensure that it did not hire officers that it knew or should have known might be a danger to persons such as Alrawaziq;

43. Encouraging or acquiescing in customs which resulted in the hiring of persons that the Municipal Defendants should have known might be a danger to persons such as Alrawaziq;

44. Failing to investigate Officer Fairbairn's personal disposition and background prior to hiring him;

45. Failing to adequately train or otherwise direct government employees concerning the constitutional rights of persons such as Alrawaziq;

46. Failing to implement or enforce policies and procedures which would ensure that government employees were properly trained and directed in regard to the constitutional rights of persons such as Alrawaziq;

47. Encouraging or acquiescing in customs which resulted in the failure of the Irving Police Department and the City of Irving to adequately train or otherwise direct its police officers and employees concerning the constitutional rights of persons such as Alrawaziq;

48. In failing to adequately train and supervise its police officers with regard to probable cause and reasonable suspicion;

49. Encouraging or acquiescing in customs which resulted in the failure of the Municipal Defendants to ensure that its employees were properly trained and supervised with regard to probable cause and reasonable suspicion;

50. Failing to direct its employees and officers to refrain from such conduct as that which caused Alrawaziq injury and deprivation;

51. Encouraging or acquiescing in customs which resulted in the failure of the Municipal Defendants to direct its employees and officers to refrain from such conduct as that which caused Alrawaziq injury and deprivation;

52. Failing to implement or enforce policies and procedures which would ensure that complaints such as Alrawaziq's were adequately investigated and that appropriate action was taken against those responsible state actors;

53. Failing to adequately supervise and control employees with a history of misbehavior, including Officer Fairbairn;

54. Failing to implement or enforce policies and procedures which would ensure that employees with a history of misbehavior, including Officer Fairbairn, were adequately supervised and controlled;

55. Encouraging or acquiescing in customs which resulted in the failure of the Irving Police Department and the City of Irving to ensure that employees with a history of misbehavior, including Officer Fairbairn, were adequately supervised and controlled;

56. Failing to properly sanction or discipline government employees and officers who acted in violation of the constitutional rights of persons such as Alrawaziq;

57. Failing to implement or enforce policies and procedures which would ensure that officers, including Officer Fairbairn, did not act in violation of the constitutional rights of persons such as Alrawaziq;

58. Encouraging or acquiescing in customs which resulted in the failure of the Irving Police Department to ensure that officers, including Officer Fairbairn, did not act in violation of constitutional rights of persons such as Alrawaziq;

59. Failing to terminate Officer Fairbairn employment after the City of Irving and the Irving Police Department knew or should have known that Officer Fairbairn might be a danger to others;

60. Negligent retention of Officer Fairbairn;

61. Failing to implement or enforce policies and procedures which would ensure that Officer Fairbairn was terminated prior to his violation of Alrawaziq's constitutional rights;

62. Encouraging or acquiescing in customs which resulted in the failure of the Municipal Defendants to ensure that Officer Fairbairn was terminated prior to his violation of Alrawaziq's constitutional rights;

63. Failing to implement or enforce policies and procedures which would ensure that complaints were adequately investigated and not ignored;

64. Encouraging and/or acquiescing in a custom and/or policy of failing to adequately investigate and ignoring complaints of persons such as Alrawaziq;

65. Failing to implement and/or enforce adequate policies and procedures for internal affairs and citizen complaint procedures;

66. Encouraging and/or acquiescing in a custom and/or policy of inadequate internal affairs and citizen complaint procedures;

67. Encouraging and/or acquiescing in a policy and custom of a "code of silence" among the police officers of the Irving Police Department, and the employees of the City of Irving, which allowed the Municipal Defendants to engage in conduct to the detriment of the constitutional rights of Alrawaziq;

68. In encouraging and/or acquiescing in a policy and custom of a "code of silence" and in creating an environment and atmosphere in the city of Irving which is oppressive to the exercise of constitutional rights by citizens;

69. In encouraging and/or acquiescing in a policy and custom which permitted the continuance of unconstitutional practices and conditions in the City of Irving and the Irving Police Department;

70. In implementing or exercising policies, statements, ordinances, regulations, or decisions which resulted in the deprivation of Alrawaziq's constitutional rights.

71. Alrawaziq alleges that the Defendants and their agents, servants, and employees engaged in intentional conduct, or with conscious indifference and reckless disregard to the rights, safety and welfare of Alrawaziq, or with negligence and gross negligence towards Alrawaziq, with actual awareness that such injury and deprivation would or could be suffered by him as a result of their conduct. Alrawaziq further alleges that the City of Irving and the Irving Police Department,

by and through their agents, servants, and employees have established or acquiesced in policies and/or customs which directly or proximately caused Alrawaziq injury and constitutional deprivation. Alrawaziq further alleges that the policy and disciplinary failures of the City of Irving and the Irving Police Department occurred with highly ranked rulemaking and policymaking authorities, by those whose edicts can be fairly said to reflect the policy and custom of the City of Irving and the Irving Police Department. Each of the acts and omissions stated above, singularly or in combination with others, proximately or directly caused the injury and deprivations suffered by Alrawaziq.

## CAUSES OF ACTION

### *Constitutional Deprivations Pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the Constitution of the United States*

72. The foregoing paragraphs of this Amended Complaint are incorporated herein by reference as if fully set forth at length hereinafter.

73. Alrawaziq brings this cause of action for deprivations of his Constitutional Fourteenth Amendment Due Process rights, in conjunction with 42 U.S.C. § 1983, for violations of Alrawaziq's civil rights.

74. 42 U.S.C. § 1983, provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

75. At all times relevant to this cause of action, the Municipal Defendants and their agents, servants and employees were acting under color of state law, including statutes, ordinances, regulations, policies, practices, customs and usages.

76. At all times relevant to this cause of action, the City of Irving and the Irving Police Department employed persons having authority to make decisions regarding the policies and procedures of the City of Irving and the Irving Police Department. Alrawaziq alleges that the individual Municipal Defendants knew or should have known of Alrawaziq's constitutional rights, and that their acts and/or omissions would cause a deprivation of same.

77. At all times relevant to this cause of action, the City of Irving and the Irving Police Department, and its agents, servants, and employees, have acted in reckless and callous indifference to the constitutional rights of Alrawaziq, by approving or acquiescing in policies, practices, and customs which they knew or should have known would cause its officers to inflict constitutional injury. Further, the City of Irving and the Irving Police Department, by and through its agents, servants, and employees have acted in reckless and callous indifference to the constitutional rights of Alrawaziq by failing to implement and/or enforce policies which it knew or should have known would prevent its officers from inflicting constitutional injury on Alrawaziq. Furthermore, the City of Irving and the Irving Police Department were aware of Officer Fairbairn's propensity to excessive and unjustified force, for which he was ineffectively disciplined prior to the shooting.

78. In particular, the Municipal Defendants acts and/or omissions deprived Alrawaziq of his Fourth and Fourteenth Amendment rights, by the forceful and injurious intrusion into his body of Officer Fairbairn's bullets, causing massive past, present, and future bodily and mental injury.

79. The acts and/or omissions of the Municipal Defendants, in reckless and callous indifference to Alrawaziq's constitutional rights, set in motion a series of acts which it knew or should have known would cause its agents, servants, and employees to inflict constitutional injury on Alrawaziq.

80. Alrawaziq has a liberty interest to be free from abusive governmental action and to be accorded procedural and substantive due process of law. The Municipal Defendants are liable to Alrawaziq for their use of excessive brutality and force, when the circumstances did not justify the use of same. Alrawaziq was not threatening anyone with serious bodily injury or death, nor did he intend to give anyone the apprehension of same, nor was Alrawaziq in flight from the police or any serious crime against the safety and well-being of the citizens of Irving. The Municipal Defendants did not have probable cause or reasonable suspicion to believe that Alrawaziq had committed a crime, or posed such an immediate threat to officers or the public.

81. The Defendants acts and/or omissions deprived Alrawaziq of his rights, privileges, and immunities secured by the United States Constitution as well as state and federal laws. In particular, the Defendants deprived Alrawaziq of his right to be secure in his person and to be free of unreasonable searches and seizures, including seizures in person, in violation of the Fourth Amendment to the Constitution of the United States, directly resulting the injury and loss of Alrawaziq. Alrawaziq was deprived of his right to substantive due process of law, and deprived of his liberty without due process of law, and deprived of his right to be free from an unreasonable and unwarranted violation of his physical integrity, in violation of the Fourteenth Amendment to the Constitution of the United States of America.

82. The acts and/or omissions of the Municipal Defendants were in violation of Alrawaziq's rights to equal protection and due process of law.

83. The acts and/or omissions of the Municipal Defendants and their agents, servants, and employees were undertaken while under color of state law in reckless and callous indifference to the constitutional rights of Alrawaziq, as stated herein. Likewise, the customs, practices, policies, and decisions of the Municipal Defendants, resulted in violations of Alrawaziq's constitutional rights.

84. The above acts, omissions, customs, practices, and/or decisions of the Municipal Defendants, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order. The above acts, omissions, decisions, customs, practices, and/or policies were consciously chosen from among various alternatives.

85. Upon information and belief, the decision making authorities of the City of Irving and the Irving Police Department, knew or should have known of previous complaints against the individual Municipal Defendants, including Officer Fairbairn, and previous constitutional injuries inflicted upon citizens.

86. Furthermore, upon information and belief, Alrawaziq alleges that the policies, procedures, and/or customs of the Municipal Defendants, whether written, verbal, or implied, encouraged or ignored circumstances which were likely to cause deprivation of Alrawaziq's constitutional rights.

87. The acts and/or omissions of the Municipal Defendants, in reckless and callous indifference to Alrawaziq's constitutional rights, set in motion a series of events which it knew or

should have known would cause the individual Municipal Defendants to inflict constitutional injury on Alrawaziq.

88. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the Municipal Defendants, Alrawaziq's civil rights have been violated. Alrawaziq has been forced to incur substantial amounts for attorney's fees, investigation expenses, and other expenses in the vindication of his constitutional rights.

89. Alrawaziq is entitled to and demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412.

## PENDENT STATE LAW CLAIMS

### *Texas Tort Claims Act*

90. The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length.

91. This cause of action is brought pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE § 101.021. The City of Irving and the Irving Police Department are liable to Alrawaziq for personal injuries caused by the wrongful act or omission, or the negligence of the individual Municipal Defendants, and other unknown agents, servants, and employees acting within the scope of their authority, by the use of a hand gun to unjustifiably and callously shoot Alrawaziq several times at close range. Alrawaziq suffered severe bodily injury and personal injury by way of severe mental anguish, fear, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, in addition to the deprivation of Alrawaziq's constitutional rights. The individual Municipal Defendants and those other agents, servants, and employees would further be liable to Alrawaziq according to Texas law.

92. Further, Alrawaziq has further suffered personal injury by way of severe mental anguish, fear, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension by the use of tangible personal property, including a handgun and the bullets therein.

93. The City of Irving and the Irving Police Department received actual notice of Alrawaziq's injury as evidenced by the press releases by the Irving Police Department and the City of Irving on the day of and after the shooting, and as evidenced by the City attorneys office acknowledging the potential of litigation in failing to honor an open records request.

### *Assault and Battery*

94. The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length.

95. Defendant Fairbairn sought to and did accomplish the reasonable apprehension of an offensive or harmful touching, and followed through on his intended apprehension by brutally and callously shooting Alrawaziq, for which Alrawaziq seeks compensation. Alrawaziq suffered both physical and mental injury, past and future, as described in more detail below. Such conduct was committed with malice, thereby justifying an award of punitive damages in the maximum amount allowed by law.

### *Negligence and Gross Negligence*

96. The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length.

97. The Defendants not only failed to act as would reasonable and prudent persons under the same or similar circumstances, but acted in conscious disregard to a known and unjustifiable risk to Alrawaziq, and innocent by-standers. As a direct and proximate result, Alrawaziq suffered injury for which he seeks compensation in this lawsuit. The defendants failed

to act prudently in evaluating the circumstances giving rise to the shooting up until the moments immediately prior to and during the shooting. As a result, Alrawaziq suffered foreseeable and compensable harm.

### *Intentional Infliction of Emotional Distress*

98.     The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length.

99.     The Defendants engaged in extreme and outrageous conduct specifically calculated to and causing Alrawaziq severe emotional distress, including mental pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, for which Alrawaziq seeks compensation. Further, such conduct was perpetrated with fraud and malice, thereby justifying an award of punitive damages in the maximum amount allowed by law.

### *Texas Constitutional Deprivations*

100.    The foregoing paragraphs of this Complaint are incorporated herein by this reference as though fully set forth.

101.    Plaintiff Alrawaziq has further been deprived of his rights under Texas Constitution Art. 1, § 19, which states:

> "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of this land."

102.    Plaintiff has further been deprived of his rights under the Texas Constitution Art. 1, § 9, which states:

> "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches. . . "

103. The Defendants have deprived Alrawaziq of his rights to liberty, privileges and immunities of this state by the intrusive, brutal, and unjustified shooting. Such acts were committed with malice against Alrawaziq so as to justify an award of punitive damages against all Defendants, in addition to compensatory damages.

## DAMAGES

104. The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length.

105. As a direct and proximate result of the Defendants' actions and/or omissions, and those of their agents, servants, and employees, Alrawaziq suffered compensable injury and loss.

106. Alrawaziq has suffered past and future personal injury by way of bodily and mental trauma, past loss of income, past and future loss of income capacity, physical disfigurement, and past and future medical bills, in an amount according to proof at trial. Alrawaziq has also suffered mental pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, and other damages, as a result of the Defendants' conduct.

107. Alrawaziq further alleges that the above-described conduct of the Defendants was committed fraudulently and/or with malice, therefore justifying the imposition of punitive damages in the greatest amount allowed by law.

108. Alrawaziq has suffered actual damages in excess of the minimal jurisdictional limits of this Court. Alrawaziq has also been forced to incur attorneys fees, and costs and expenses associated with the prosecution of this case.

## PRAYER

109. **WHEREFORE,** Alrawaziq prays that this case be set for trial before a jury and that he be granted the following relief:

A. Compensation for actual damages for personal bodily and mental injury, past and future;

B. Compensation for lost income;

C. Compensation for lost income capacity, past and future;

D. Compensation for past and future medical bills;

E. Compensation for exemplary and/or punitive damages, where applicable;

F. Reasonable attorney's fees, expenses, and costs of suit;

G. Prejudgment and postjudgment interest at the maximum rate allowed by law; and

H. Such other and further relief at law and in equity to which this Court deems Alrawaziq justly entitled.

Respectfully submitted,

Jules P. Slim
*Attorney and Counselor*
State Bar No. 00793026
1725 Medina Drive
Mesquite, Texas 75150
(972) 613-7733
(972) 613-7734 fax

**ATTORNEY FOR PLAINTIFF
NASER T. ALRAWAZIQ**