IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NASER TALIGHADI ALRAWAZIQ | ) | |
| | ) | |
| V. | ) | 3-99-CV-970-R |
| | ) | |
| CITY OF IRVING, ET AL | ) | |

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on June 27, 2000, and the provisions of 28 U.S.C. §636(b)(1)(B) and (C) on August 16, 2000, came on to be heard Defendants' Motion for Attorney's Fees and Costs filed on June 22, 2000, and having considered the relevant pleadings and the statements and arguments of counsel for the parties, the magistrate judge finds and recommends as follows:

On June 12, 2000, the District Court filed its memorandum opinion and order granting Defendants' motion for summary judgment previously filed on March 2, 2000. In the present motion Defendants seek recovery of their reasonable attorney's fees and costs incurred.

It is undisputed that Defendants are the prevailing parties in this action. However, although a prevailing §1983 plaintiff is ordinarily entitled to recover attorney's fees as a matter of course, a prevailing defendant is entitled to attorney's fees only when a plaintiff's underlying claim is frivolous, unreasonable or groundless. E.g. See United States v. State of Mississippi, 921 F.2d 604, 609 (5th Cir. 1991) citing Christiansburg Garment Co. V. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700 (1978); see also Walker v. City of Bogalusa, 168 F 3d 237 (5th Cir 1999). On the other hand, court costs, enumerated under 28 U.S.C. §1920, incurred by a prevailing party are ordinarily awarded as a matter of course, although the amount to be awarded for each item is subject to the court's review and determination.

1. <u>Attorney's fees</u>. In this case Defendants seek to recover attorney's fees in the amount of $15,931.50. Plaintiff does not dispute either the amount of hours billed or the rates charged by the attorneys and paralegals whose work product is itemized. In a word, the amounts and rates charged are reasonable and customary for services rendered by attorneys representing §1983 defendants in this court.[1]

However, issue is joined on Defendants' assertion that Plaintiff's §1983 claim was frivolous. In considering this issue it is appropriate to summarize the uncontested facts which appear in the record.

The incident which gave rise to Plaintiff's complaint occurred on April 29, 1997. On this occasion Defendant Fairbairn, an Irving, Texas policeman was dispatched to the scene of a major vehicular accident. While at the accident scene Fairbairn was told by a passerby that Plaintiff had been involved in a separate hit-and-run accident and that Plaintiff was proceeding toward the major accident scene in a yellow Cadillac. After Fairbairn spotted the Cadillac and the passerby confirmed that it was the vehicle involved in the hit-and-run accident, Fairbairn stepped in front of Plaintiff's car and motioned him to pull over. Alrawaziq disregarded the officer's gesture and continued to drive toward him. The movement of Plaintiff's vehicle suggested that Plaintiff was about to accelerate and it struck Fairbairn's left hand, at which time he drew his firearm and ordered Plaintiff to stop.

---

[1] In his written response filed on July 14, 2000, Plaintiff suggests that Defendants should have raised their defenses earlier. While a movant in a Rule 11 motion for sanctions has a duty to mitigate expenses incurred in responding to an alleged offending pleading, there is no such correlative duty imposed upon counsel for a prevailing party in a §1983 action. The manner in which an attorney elects to attack his client's opponent party's position is a strategy decision left to the attorney and the only issue for the court to decide is whether the tactical choice made by the attorney was reasonable. It is beyond cavil that the filing of a motion for summary judgment in this case was reasonable and was necessary to obtain summary disposition of this case.

Nonetheless Plaintiff turned his vehicle toward Defendant Fairbairn and continued to move closer and closer to him. Fairbairn fired four shots at Alrawaziq, but he still refused to stop. Fairbairn then fired an additional seven shots, one of which struck the Plaintiff. After being shot Plaintiff finally stopped his car at which time Fairbairn assisted in removing him from the driver's seat.

On November 19, 1998, Alrawaziq pled guilty to "intentionally and knowingly threaten[ing] Defendant Fairbairn with a deadly weapon, to wit: an automobile" on April 29, 1997, and he was thereafter sentenced to a term of two years imprisonment and a $300.00 fine.[2]

The record in this case establishes that Plaintiff cannot demonstrate a favorable outcome with respect to any of the three factors in determining frivolity. E.g. See EEOC v. Kimbrough Investment Co., 703 F.2d 98, 103 (5th Cir. 1983). Indeed, not only did Defendants not offer to settle the case, but in fact Defendants' counsel wrote Plaintiff's counsel on June 16, 1999, stating his opinion that Plaintiff's complaint was baseless and informing that Rule 11 sanctions might be sought. See Exhibit 1 to Defendants' reply filed on August 1, 2000.[3]

Alrawaziq concedes that under the binding precedents of the Fifth Circuit the District Court was obligated to grant Defendants' motion for summary judgment in light of his guilty plea to threatening Defendant Fairbairn with his automobile. However, he argues that the Fifth Circuit's interpretation and application of the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), is overly broad and is incorrect. In support of his position he identifies cases from other circuits which he suggests apply a more restrictive application of Heck in addressing

---

[2]Plaintiff was serving his sentence when this action was filed and apparently is still confined serving the remainder of his prison sentence.

[3]The warning letter is a condition precedent to the filing of a Rule 11 sanctions motion. See Rule 11(c)(1)(A). However, no motion pursuant to the rule was subsequently filed.

3

defendants' motions for summary disposition. He further argues that these decisions show that his complaint is warranted as being based on claims supported by a non-frivolous modification or reversal of existing law.[4]

In arguing against Defendants' position that his complaint was frivolous, Plaintiff cites three cases.[5] The most analogous to the facts in the present case is Smithart v. Towery, 79 F.3d 951 (9th Cir 1996). Smithart had pled guilty to assault with a deadly weapon, i.e. his vehicle. However, the Ninth Circuit held that his guilty plea did not foreclose his claim that excessive force was used after he had exited his vehicle. Interestingly enough both the opinions in Smithart and Martinez, infra, favorably cite the Fifth Circuit's opinion in Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995).[6]

In Martinez v. City of Albuquerque, 184 F.3d 1123 (10th Cir. 1999), the court held that the plaintiff's criminal conviction for resisting arrest based upon his pre-arrest flight did not bar his "excessive force" claim based upon the defendant officers' subsequent use of force in effecting his arrest. The facts in Plaintiff's third cited case, Nelson v. Jashurek, 109 F.3d 142 (3rd Cir. 1997) closely

---

[4]Plaintiff's position tracks language appearing in Rule 11(b)(2). Neither side has cited any case authority which adopts this definition in determining whether a claim is frivolous under 42 U.S.C. §1988. However, it is observed that in Walker v. City of Bogalusa, 168 F.3d 237 (5th Cir. 1999), the court relied on Supreme Court authority as well as decisions of the Fifth Circuit in upholding the district court finding that the plaintiffs' complaint was frivolous. For the purposes of this recommendation the magistrate judge assumes arguendo that contrary holdings of sister circuits could support Plaintiff's contention that his complaint was not frivolous, even though it is frivolous under the law of the Fifth Circuit.

[5]Plaintiff's reliance on Simpson v. City of Pickens, Mississippi, 887 F.Supp. 126 (S.D. Miss. 1995), provides no support for his position, where the allegations were that after the plaintiff was arrested and handcuffed, the defendant officers hit him in the forehead with a flashlight, threw him down and stuffed his face in a puddle in a manner to nearly suffocate him.

[6]In Wells, a post-Heck v. Humphrey decision, the court noted explicit language in the Supreme Court opinion in Heck and "assume[d], without deciding, that a finding of excessive force would not 'imply the invalidity' of his conviction for resisting a search." Id. at 95.

parallel those recited in Martinez, i.e. the plaintiff's conviction for resisting arrest did not foreclose his suit for monetary damages based upon the defendant officer's use of excessive force <u>after</u> the plaintiff had surrendered and was subdued.

The common thread in each of the cases cited by Alrawaziq is the fact that the alleged use of excessive force occurred <u>after</u> each plaintiff had surrendered. It is clear that a court's application of Heck involves a fact intensive inquiry into whether a plaintiff's success on an asserted claim would undermine the validity of his prior conviction. None of the cases cited by Plaintiff involve a fact scenario where the conduct of the defendant officer took place at the very same time that the plaintiff was engaging in the illegal conduct for which he was subsequently convicted and sentenced. Plaintiff's argument that his suit against Defendant Fairbairn was not frivolous is as lacking in merit as his complaint.

It necessarily follows that his §1983 complaint against the City of Irving is likewise frivolous. The basis for municipal liability under §1983 has been established for more than twenty years. See <u>Monell v. City of New York Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978). Further a custom or practice of the municipality must bear a causal relationship to a constitutional tort committed by one of the municipality's employees. Since it is clear that Alrawaziq can mount no colorable claim against Officer Fairbairn, his action for damages against the city must fail as well, rendering his claims against the City frivolous as well.[7]

---

[7]The magistrate judge finds it unnecessary to address Defendants' claim that Plaintiff's state law claims are frivolous. But for the filing of Plaintiff's frivolous §1983 action, there would have been no jurisdictional basis for bringing Plaintiff's suit in federal court. Moreover, the attorneys' time expended in filing Defendants' motion for summary judgment on Plaintiff's §1983 complaint is so intertwined with the attorneys' effort to defeat his supplemental jurisdiction state law claims as to make it impossible to segregate the two.

5

Defendants have established the requirements for awarding attorneys' fees in their favor and they are entitled to attorneys' fees assessed against Plaintiff in the sum of $15,931.50.

2. <u>Court costs</u>. Defendants seek $1,138.05 for recovery of costs incurred. Issue is joined only on the $950.50 incurred for fees and exemplification and copying costs. Plaintiff claims that such amount is excessive in light of the fact that he was able to obtain copies of records from the City of Irving under the Texas Open Records Act at a cost of under $200.00. The record reflects that Defendants obtained certified records from the 282nd Criminal District Court as part of their summary judgment appendix. See Defendants' Summary Judgment Appendix, Exhibit 1. The fee for such certification is not the same as copying fees for records sought under the Open Record Act and therefore Plaintiff's argument that the itemized fees are excessive is not entirely meritorious.

However, Defendants have not included any invoices or supporting documents itemizing their costs for exemplification or copying. Under such circumstances Defendants are not entitled to recover the full amount sought. On the other hand the court can and has reviewed the papers and pleadings filed by Defendants in this action, and taking notice of the copying requirements imposed by the applicable rules, it is possible to determine with reasonable accuracy the costs incurred in such endeavors. The court finds that Defendants are entitled to recover exemplification and copying costs for 1200 pages at the rate of twenty-five cents per page, i.e. $300.00.

Accordingly Defendants are entitled to recover §1920 costs in the amount of $487.50.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court find that the Defendants are entitled to recover attorneys' fees in the amount of $15,931.50 and costs in the amount of $487.50, and that the court enter its order requiring Plaintiff to pay to Defendants the sum of

$16,419.00.

A copy of this recommendation shall be transmitted to counsel for the parties.

FILED this 23rd day of August, 2000.

/s/ Wm. J. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE